IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JOSEPH DENNY NEZPERCE V, | CV-22-0017-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| BRIAN GOOTKIN, JIM SALMONSEN, BILLIE REICH, BEN BOULEY, and GREG BUDD, | |
| Defendants. | |

Plaintiff Joseph D. Nezperce V, proceeding without counsel, brought suit alleging constitutional violations associated with his incarceration.[1] He has also moved to proceed in forma pauperis.[2] The Complaint fails to state a claim for federal relief.

## MOTION TO PROCEED IN FORMA PAUPERIS

Nezperce is unable to pay the full filing fee at this time. His motion to proceed in forma pauperis will be granted. He must pay the mandatory filing fee in installments from his inmate trust account. A collection order accompanies this Order.

## STATEMENT OF THE CASE

---

[1] Doc. 2.
[2] Doc. 1.

Nezperce is incarcerated at Montana State Prison ("MSP"). Defendants are Brian Gootkin, Director of the Montana Department of Corrections; Jim Salmonsen, Warden of MSP; Billie Reich, Associate Warden of MSP; and Ben Bouley and Gregg Budd, correctional officers.[3] Nezperce at the time of his Complaint was held in segregated housing, which he alleges is a result of discrimination against him as a transgender person.[4]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The Complaint has been liberally construed and reviewed to determine if it is frivolous or fails to state a claim upon which relief may be granted.[5]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The Complaint as pleaded is facially deficient.

No notice of deficiencies or opportunity for amendment is necessary as the pleading deficiencies cannot be cured.[7]

## ANALYSIS

The Complaint does not assert claims upon which relief can be granted upon Fourteenth Amendment, equal protection, and due process.

---

[3] Doc. 2 at 3.
[4] Doc. 2 at 9 - 13.
[5] 28 U.S.C. §§ 1915, 1915A.
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
[7] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

2

No equal protection claim, which requires a plaintiff to show that he "has been intentionally treated differently from others similarly situated ...."[8] is pleaded and that there were several reasons why he could not be placed in other units.[9] Nezperce has not sufficiently alleged that his placement was related to his transgender status.

Nezperce also fails to state a due process claim. He has not alleged any facts that show his confinement in the restricted housing imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[10]

Supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."[11] No facts allege any participation whatsoever by Defendants Gootkin or Salmonsen.

**ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis is GRANTED.[12]

2. The case is DISMISSED for failure to state a claim.

3. The Clerk of Court is directed to close the file, enter judgment,[13] and

---

[8] *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).
[9] Doc. 2 at 10-11.
[10] *Sandin v. Connor*, 515 U.S. 472, 482 (1995).
[11] *King v. Atiyeh*, 814 F. 2d 565, 568 (9th Cir. 1987) (*overruled on other grounds* by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)).
[12] Doc. 1.
[13] F. R. Civ. P. 58.

have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith.[14]

DATED this 11th day of April, 2022.

*Sam E. Haddon*
Sam E. Haddon
United States District Court Judge

---

[14] F. R. App. P. 24(a)(3)(A).